UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-221-MOC-DCK

| WILLIAM SCOTT CAMERON, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| | ) | |
| UNIVERSITY OF NORTH | ) | |
| CAROLINA AT CHARLOTTE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** comes before the Court on Defendants' two Motions to Dismiss, (Doc. No. 32, 47).

## I. BACKGROUND

In Summer 2017, Plaintiff accepted an athletic scholarship to play tennis at the University of North Carolina at Charlotte ("UNCC"). In March 2018, Head Coach Jeremy Feldman suspended him from the team for bullying a teammate. Plaintiff denies bullying his teammate and alleges that UNCC failed to properly investigate the matter before suspending him from the team. Plaintiff was unsuccessful in his multiple attempts to persuade UNCC administrators to return him to the tennis team. Plaintiff then withdrew from UNCC. Plaintiff alleges "upon information and belief" that his scholarship funds were wrongfully withheld after he was suspended from the team.

On July 10, 2019, Plaintiff filed an Amended Complaint, naming the following persons and entities as Defendants: (1) UNCC; (2) Philip L. Dubois, identified as the Chancellor of

1

UNCC; (3) Michael Hill, identified as the Director of Athletics at UNCC; (4) Judy Rose, identified as the Director of Athletics Emerita at UNCC; (5) Darin Spease, identified as the Deputy Athletic Director at UNCC; (6) Kim Whitestone, identified as the Executive Associate Athletic Director and Title IX Deputy Coordinator (Athletics) and Tennis Administrator at UNCC; (7) Scott Byrd, identified as the Associate Athletic Director for Compliance and Student-Athlete Development at UNCC; (8) Jeanne Madorin, identified as the Title IX Deputy Coordinator (Human Resources) at UNCC; and (9) Jeremy Feldman, identified as the former Head Coach of the tennis team at UNCC.[1]

Plaintiff's Amended Complaint purports to bring the following claims arising out of the loss of his tennis scholarship with UNCC: (1) Count One: Denial of Due Process, in violation of the Fourteenth Amendment, against Defendants Hill, Spease, Whitestone, Bird, Madorin, and Feldman in their individual capacities; (2) Count Two: Denial of Due Process, in violation of the Fourteenth Amendment, seeking prospective injunctive relief, against all Defendants; (3) Count Three: Conspiracy to Deprive Plaintiff of Constitutional Rights, in violation of 42 U.S.C. § 1983, against Defendants Hill, Spease, Whitestone, Bird, Madorin, and Feldman in their individual capacities; (4) Count Four: Denial of Due Process, in violation of Article I, 19 of the North Carolina Constitution, against all Defendants in their official and individual capacities; (5) Count

---

[1] On July 30, 2018, Plaintiff filed his first action in this Court, naming as Defendants UNCC and three of its employees. Those defendants moved to dismiss Plaintiff's complaint. Plaintiff filed an amended complaint, naming five additional UNCC employees as defendants. After the defendants again moved to dismiss, Plaintiff voluntarily dismissed the action. Plaintiff filed this action on March 22, 2019, in Mecklenburg County Superior Court, naming as Defendants UNCC and several of its officials in their official capacities. Plaintiff named only one defendant, Jeremy Feldman, in his individual capacity. At that point, Plaintiff served only Feldman and UNCC with process. On May 8, 2019, those two Defendants removed the case to this Court and filed a motion to dismiss. Plaintiff filed the Amended Complaint on July 10, 2019, adding various Defendants.

Five: Common Law Civil Conspiracy, against Defendants Hill, Spease, Whitestone, Bird, Madorin, and Feldman in their individual capacities; (6) Count Six: Breach of Contract against UNCC; (7) Count Seven: Negligent Hiring and Supervision, against Defendant UNCC and Defendants Hill, Spease, Whitestone, Bird, and Madorin in their individual and official capacities; (8) Count Eight: Negligence, against Defendant Feldman in his individual and official capacities; (9) Count Nine: Defamation, against Defendant Feldman in his individual capacity; (10) Count Ten: Intentional Infliction of Emotional Distress, against Defendant Feldman in his individual capacity; (11) Count Eleven: Claim for a Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction; (12) Count Twelve: Declaratory Judgment, against all Defendants.

Defendants filed the pending Motions to Dismiss on August 28, 2019, and September 30, 2019, respectively, seeking dismissal of Plaintiff's claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[2] Plaintiff has responded to the motions to dismiss, and Defendants have filed a Reply.

**II.   STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(6) provides that a motion may be dismissed for failure to state a claim upon which relief can be granted. A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint without resolving contests of fact or the merits of a claim. Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992), cert. denied, 510

---

[2] The original motion to dismiss was also based on Rules 12(b)(2), 12(b)(4), and 12(b)(5), based on Plaintiff's failure to serve various Defendants (Hill, Spease, Whitestone, Byrd, and Madorin) with process. After Defendants filed their motion to dismiss, Plaintiff thereafter served Defendants with process. Defendants then filed their second motion to dismiss, in which they incorporated their dismissal arguments based on Rule 12(b)(6).

U.S. 828 (1993). Thus, the Rule 12(b)(6) inquiry is limited to determining if the allegations constitute "a short and plain statement of the claim showing the pleader is entitled to relief" pursuant to Federal Rule of Civil Procedure 8(a)(2). To survive a defendant's motion to dismiss, factual allegations in the complaint must be sufficient to "raise a right to relief above a speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Thus, a complaint will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

For the purposes of a Rule 12(b)(6) analysis, a claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556). The Court must draw all reasonable factual inferences in favor of the plaintiff. Priority Auto Grp., Inc. v. Ford Motor Co., 757 F.3d 137, 139 (4th Cir. 2014). In a Rule 12(b)(6) analysis, the Court must separate facts from legal conclusions, as mere conclusions are not entitled to a presumption of truth. Iqbal, 556 U.S. at 678. Importantly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. However, well-pleaded factual allegations are entitled to a presumption of truth, and the court should determine whether the allegations plausibly give rise to an entitlement to relief. Id. at 679.

### III. DISCUSSION

Given the lenient pleading standards of Iqbal and Twombly, the Court will deny the motions to dismiss at this time and hold them under consideration pending further development of the record and summary judgment motions. As to Defendants' argument that Plaintiff's negligence claims must be brought before the North Carolina Industrial Commission, the Court will allow the parties to conduct fact discovery on the issue of whether Defendants are public

4

officials or public employees.

## IV. CONCLUSION

Defendants' motions to dismiss are denied, pending further development of the record, and the Court will issue a ruling after discovery and the parties' filing of summary judgment motions.

**IT IS, THEREFORE, ORDERED** that:

1. Defendants' Motions to Dismiss Amended Complaint, (Doc. No. 32, 47), are **DENIED** at this time, pending further review after the parties conduct discovery.

Signed: November 26, 2019

Max O. Cogburn Jr
United States District Judge