IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
No. 3:19-cv-221-MOC-DCK

| | |
|---|---|
| **WILLIAM SCOTT CAMERON,**<br><br>Plaintiff,<br><br>v.<br><br>**THE UNIVERSITY OF NORTH CAROLINA AT CHARLOTTE et al.,**<br><br>Defendants. | **STIPULATED PROTECTIVE ORDER** |

The parties enter into this Stipulated Protective Order to facilitate the exchange of documents and information. Unless modified pursuant to the terms contained herein, this Order shall remain in effect through the conclusion of this litigation.

1. William Scott Cameron ("Plaintiff") filed this lawsuit against The University of North Carolina at Charlotte ("UNC Charlotte"), Philip L. Dubois, Michael Hill, Judy Rose, Darin Spease, Kim Whitestone, Scott Byrd, Jeanne Madorin and Jeremy Feldman. Plaintiff's complaint arises from his suspension from UNC Charlotte Men's Tennis Team and alleges constitutional claims brought under the Fourteenth Amendment of the United States Constitution, Article I, § 19 of the North Carolina Constitution and 42 U.S.C. §1983 and claims for common law civil conspiracy, breach of contract, negligent hiring and supervision, negligence, defamation, and intentional infliction of emotional distress. Following this Court's entry of a discovery scheduling order, the parties exchanged an initial round of written discovery. Plaintiff seeks, or may seek in the future, discovery of, among other things, confidential and sensitive information concerning UNC Charlotte, its employees or former employees, and students and applicants, some of which information is protected under North Carolina's State Human Resources Act ("SHRA"), the

Family Educational Rights and Privacy Act of 1974 ("FERPA"), the North Carolina Identity Theft Protection Act, the North Carolina Public Records Act, and other applicable laws. Likewise, Defendants seek discovery of, among other things, certain of Plaintiff's financial and medical records, some of which is information protected under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA").

2. As a means of avoiding dispute with respect to the parties' requests for confidential information, the parties have agreed to produce confidential information, including information subject to confidentiality protections under the aforementioned privacy laws, pursuant to the terms of this Order.

3. Any party or non-party producing or filing documents or other materials in this action may designate such materials and the information contained therein that constitutes confidential and sensitive business or personal information, or information made confidential under the aforementioned privacy laws concerning UNC Charlotte, its employees or former employees, and current or former students or applicants, as subject to this Order by stamping "Confidential" on the front of the document or on the portion(s) of the document for which confidential treatment is designated.

4. The parties shall have the right to designate as "Confidential" any part or the whole of any answers to discovery, answers to interrogatories, answers to requests for admission, deposition transcripts, responses to production requests, documents, expert reports, disclosures, exhibits, or deposition testimony or other information that the parties deem to be confidential. Any document, discovery responses, testimony, or other information that the parties have designated as "Confidential" shall constitute confidential information under this Order, both in form and substance.

5. Deposition testimony can be designated by the parties as "Confidential." Such designation will be made on the record if possible, but the parties can designate portions of such testimony as "Confidential" by providing written notice of such designation to the opposing party within thirty (30) days of the deposition to be designated as "Confidential." Until thirty (30) days after the deposition, all deposition testimony shall be treated by the parties as "Confidential."

6. Information designated for confidential treatment provided by any of the parties shall be used strictly in accordance with the terms in this Order and solely for the purpose of prosecution or defense of this action. At no time shall such information be disclosed to or used by any person, corporation, or entity except as permitted by this Order.

7. The parties, their attorneys, and anyone else acting on their behalf shall take such precautions with "Confidential" information as are necessary to strictly maintain its confidentiality and comply with the terms of this Order.

8. Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential," or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential" treatment under this Order, and any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers to, reflects or otherwise discusses any information designated "Confidential" hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Court and its officers; (b) named parties to this litigation; (c) counsel for the parties, whether retained outside counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation; (e) fact witnesses in preparation for or while testifying at a deposition (provided that no

fact witness shall be shown confidential documents by the non-producing party unless the fact witness originally authored or received the confidential information prior to and independent of this lawsuit); (f) present or former employees of the producing party in connection with preparing for depositions in this action (provided that no former employees shall be shown confidential documents by the non-producing party prepared after the date of his or her departure); and (g) experts specifically retained as consultants or expert witnesses in connection with this litigation.

9. Documents produced pursuant to this Order shall not be made available to any person designated in Subparagraph 8(e)-(g) unless such person has first read this Order, agreed to be bound by its terms, and signed the declaration of compliance attached hereto as Exhibit A.

10. If a party other than the designating party intends to file materials that have been designated as "Confidential," then the party filing the materials shall provisionally file those materials under seal along with a Motion to Seal pursuant to Local Civil Rule 6.1 stating solely that another party has designated the materials as confidential. If the designating party seeks to have the materials remain under seal, the designating party shall set forth such reasons in its response to the Motion to Seal.

11. In the event that any party disagrees with any designation made under this Order, the parties shall first try in good faith to resolve the disagreement informally. If the dispute cannot be resolved, the party objecting to the designation may seek appropriate relief from this Court. In seeking intervention by the Court, the party asserting the designation as confidential shall bear the burden of demonstrating that the information is entitled to protection under this Order or other applicable law. During the pendency of any challenge to the designation of a document or information, the designated document or information shall continue to be treated as "Confidential" subject to the provisions of this Order.

12. The producing party's inadvertent production of any documents, transcripts, or other materials without confidential treatment shall not be deemed a waiver of the producing party's claim of confidentiality as to that material. If the producing party wishes to afford confidential treatment to any material after production, the producing party shall notify the receiving party that the material is designated as "Confidential." If the receiving party disagrees with the designation, the receiving Party may follow the dispute resolution procedures in paragraph 11 above.

13. Consistent with Federal Rule of Evidence 502(d), the inadvertent production of privileged or work-product protected documents or information is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Moreover, no party intends to produce documents and/or information that are protected by the attorney-client privilege or the work product doctrine. In the event that such documents or information are produced, the producing party may request their return from the receiving party, who will immediately cease to use such documents and will within five (5) days return or destroy all copies of such document(s) and any materials paraphrasing, summarizing, referencing or otherwise using such documents.

14. This Order shall govern pretrial proceedings only, and nothing set forth herein prohibits the use at trial of any confidential information or affects the admissibility of any evidence. The procedures to govern the use and disclosure of confidential information at trial shall be subject to a further order of the Court.

15. Nothing herein shall be construed as limiting a party's use of its own confidential information and such use shall not constitute a waiver of the terms of this Order or the status of

such information as confidential information. Either party may remove the "Confidential" designation from any information it has previously so designated.

16. The parties cannot use or disclose any confidential information in any pretrial court proceeding that is open to persons not authorized to have access to such confidential information under the terms of this Order. This provision does not limit the right of any of the parties to file any confidential information under seal as described above or submit any confidential information in camera to the Court.

17. Third parties who are the subject of discovery requests, subpoenas, or depositions in this case may take advantage of the provisions of this Protective Order by designating information for confidential treatment as provided in this Protective Order. However, the right of third parties to designate information for confidential treatment under this Order explicitly does not authorize disclosure of confidential information to any third party except as provided in Paragraphs 8 and 9.

18. The confidentiality obligations of this Order shall survive any settlement, judgment, or other disposition or conclusion of this action, and all appeals therefrom. This Court shall retain continuing jurisdiction to enforce the terms of this Order. Within sixty (60) days after the final resolution of this matter, including any settlement or appellate proceeding, the parties agree to return to opposing counsel, or destroy the original and any copies of any confidential information produced.

19. Any party may at any time and for any reason seek modification of this Order. This Order can be modified only by written agreement of the parties or by Order of this Court. Each party reserves the right to object to any party's motion or request to modify this Order.

20. The ultimate disposition of confidential information on the completion of litigation shall be subject to a final order of the Court.

**IT IS SO ORDERED**.

Signed: May 20, 2020

David C. Keesler
United States Magistrate Judge

AGREED TO BY:

| WAGNER HICKS PLLC | JOSHUA H. STEIN |
| --- | --- |
| | Attorney General |

/s/ Sean C. Wagner
Sean C. Wagner
NC State Bar No. 50233
sean.wagner@wagnerhicks.law
Derek M Bast
NC State Bar No. 49069
derek.bast@wagnerhicks.law

831 Morehead St., Ste 860
Charlotte, NC 28202
Tel: 704.705.7358
Fax: 704.525.0600

*Counsel for Plaintiff*

/s/ Nora F. Sullivan
Nora F. Sullivan
Assistant Attorney General
NC State Bar No. 43284
nsullivan@ncdoj.gov

NC Department of Justice
PO Box 629
Raleigh, NC 27602
Tel: 919.716.6920
Fax: 919.716.6764

*Counsel for Defendants*

# EXHIBIT A

The undersigned has read and understands the terms of the Stipulated Protective Order effective in this case, *William Scott Cameron v. The University of North Carolina at Charlotte, et al.,* Civil Action No. 3:19-cv-221-MOC-DCK, which is currently pending in the United States District Court for the Western District of North Carolina.

The undersigned agrees (i) to abide by the terms of the Stipulated Protective Order; (ii) not to use or divulge, under penalty of law, any documents, materials or other information covered by the Stipulated Protective Order, including confidential information, except as permitted by the terms of the Stipulated Protective Order; and (iii) to submit to the jurisdiction of the United States District Court for the Western District of North Carolina for resolution of any issues arising under the Stipulated Protective Order.

Signed: _____

Printed: _____

Dated: _____