# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:19-CV-221-MOC-DCK

| | |
|---|---|
| **WILLIAM SCOTT CAMERON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| **UNIVERSITY OF NORTH CAROLINA AT** ) | |
| **CHARLOTTE, PHILIP L DUBOIS,** ) | |
| **MICHAEL HILL, JEANNE MADORIN,** ) | |
| **JUDY ROSE, DARIN SPEASE, KIM** ) | |
| **WHITESTONE, SCOTT BYRD, and** ) | |
| **JEREMY FELDMAN** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff William Scott Cameron's Motion To Compel Discovery Responses" (Document No. 67). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion, the record, and applicable authority, the undersigned will <u>grant</u> the motion.

## BACKGROUND

Plaintiff William Scott Cameron ("Plaintiff" or "Cameron") initiated this action with the filing of a Complaint (Document No. 1-3) in the Superior Court of Mecklenburg County, North Carolina, on March 22, 2019. Defendants filed a "Notice Of Removal" (Document No. 1) with this Court on May 8, 2019.

Plaintiff then filed an "Amended Complaint" on July 10, 2019, asserting claims against The University of North Carolina at Charlotte ("UNCC"), Philip L. Dubois ("Dubois"), Michael Hill ("Hill"), Judy Rose ("Rose"), Darin Spease ("Spease"), Kim Whitestone ("Whitestone"),

Scott Byrd ("Byrd"), Jeanne Madorin ("Madorin"), and Jeremy Feldman ("Feldman") (all together, "Defendants") including: violation of due process rights; conspiracy; breach of contract; negligent hiring and supervision; negligence; defamation; and intentional infliction of emotional distress. (Document No. 23, pp. 1, 26-41). Plaintiff's claims "arise out of his suspension from the Men's Tennis Team" at UNCC and the allegedly "unwarranted termination of Plaintiff's scholarship based on defamatory, fabricated allegations of bullying made by Coach Feldman." (Document No. 1, p. 2; Document No. 23, pp. 1-2).

On November 26, 2019, the Honorable Max O. Cogburn, Jr. issued an Order denying two motions to dismiss (Document Nos. 32 and 47) filed by Defendants, "pending further development of the record." (Document No. 54). The Court entered the parties' "Stipulated Protective Order" on May 20, 2020. See (Document Nos. 62 and 63).

Now pending is "Plaintiff William Scott Cameron's Motion To Compel Discovery Responses" (Document No. 67) and "Memorandum In Support…" (Document No. 67-1) filed July 10, 2020. "Defendants' Response In Opposition To Plaintiff's Motion To Compel…" (Document No. 68) was filed July 24, 2020; and a "Reply In Support Of Plaintiff's Motion To Compel" (Document No. 69) was filed on July 31, 2020.

The instant motion is now ripe for review and disposition.

## STANDARD OF REVIEW

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery

> outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed.R.Civ.P. 26(b)(1). The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 26(c)(1).

Whether to grant or deny a motion to compel is generally left within a district court's broad discretion. See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

## DISCUSSION

By the instant motion, Plaintiff requests that the Court compel Defendants UNCC and Feldman to "respond completely to Plaintiff's First Set of Interrogatories and Requests for Production dated February 26, 2020." (Document No. 67, p. 1). Defendants provided discovery responses on April 20, 2020; however, Plaintiff contends that Defendants refused to answer significant parts of the interrogatories and to produce all responsive documents. (Document No. 67-1, p. 3) (citing Document Nos. 67-2 and 67-3). Plaintiff identifies seven (7) topics for which it contends Defendants' responses are deficient. (Document No. 67-1, pp. 6-16).

In response, Defendants primarily argue that the motion to compel should be summarily denied because it violates the "…Case Management Plan" which requires a party to request a conference with the Magistrate Judge before filing a disputed motion for an order relating to discovery. (Document No. 68) (citing Document No. 58). Defendants assert that Plaintiff's

3

attempts to confer "have been perfunctory at best," but acknowledges that "counsel for the parties participated in a lengthy teleconference on June 18, 2020 to discuss the status of the parties' document productions." (Document No. 68, p. 2).

Defendants go on to suggest that they are still in the process of reviewing documents, so the motion to compel is premature. (Document No. 68, pp. 2-3). Defendants further state that they "are fully prepared to argue that none of the documents requested by Plaintiff substantiate his claims in this case." (Document No. 68, p. 3). Defendants' response declines to specifically address *any* of Plaintiff's discovery requests. Id. Finally, Defendants allege that the "unnecessary and rushed motion is a tactical move to beat Defendants to the courthouse steps and manufacture damages in the form of attorneys' fees." Id.

In reply, Plaintiff "acknowledges that it inadvertently did not request a conference with the Magistrate Judge, but contends that outright denial of the Motion to Compel would not be the most efficient way to address the matter." (Document No. 69, p. 2). Plaintiff suggests that the Court could defer ruling on the motion and still hold a discovery conference. Id.

Addressing the response, Plaintiff contends that "Defendants still have not completed their document production, despite serving their discovery responses more than three months ago and receiving Plaintiff's Meet and Confer letter more than two months ago. (Document No. 69, pp. 2-3). Plaintiff notes that a large number of depositions are scheduled for October, but Defendants have failed to provide any clear timeline for when they will complete their discovery responses. Id. at p. 3.

The undersigned finds that it is indeed regrettable that Plaintiff did not comply with the Case Management Order, and that upon realizing this error, both sides still failed to request a discovery conference. Based on the briefs, the undersigned is not persuaded the parties engaged

4

in sufficient good faith attempts to resolve the pending discovery disputes without Court intervention. Nevertheless, the undersigned finds that in this instance, judicial economy and efficient case management favor a prompt ruling on the briefs.

The undersigned encourages the parties to work together more collaboratively to complete discovery in this case and will set forth some guidance on the topics identified by Plaintiff. Moving forward with this case, the undersigned expects counsel for the parties to fully comply with the "…Case Management Order," the Local Rules, and the Federal Rules of Civil Procedure.

Contrary to Defendants' allegation that the pending motion was to "manufacture damages in the form of attorneys' fees," Plaintiff has not requested, nor will Plaintiff be allowed, attorneys' fees related to the pending motion. (Document No. 68, p. 3). Moreover, the undersigned is not persuaded that the requested documents must "substantiate" Plaintiffs claims. Id. As noted in the standard of review, Plaintiff's requests should be relevant and proportional to the needs of the case. See Fed.R.Civ.P. 26(b)(1).

Based on the foregoing, Defendants shall supplement their responses to Plaintiffs' discovery requests as directed below.

**Affirmative Defenses**

Plaintiff first seeks discovery responses that "identify the factual bases of the affirmative defenses" and an explanation for each Defendant that UNCC claims is entitled to immunity. (Document No. 67-1, pp. 6-7). (citing Interrogatory Nos. 4 and 5; Request for Production Nos. 5).

To the extent Defendants rely on arguments and facts included in previous filings in this case and contend those filings are responsive to these discovery requests, they shall provide specific cites to those documents, including page number(s), for each affirmative defense. If there

are other affirmative defenses that have not been addressed to date, Defendants shall succinctly identify the factual bases of those defenses. Similarly, UNCC shall provide specific cites to filings responsive to the claims of immunity and/or supplement its responses.

To the extent Defendants can identify and produce non-privileged documents that are responsive to Plaintiff's discovery requests, they shall do so without further delay, consistent with the parties' Stipulated Protective Order.

**Communications with Tennis Recruits**

Next, Plaintiff seeks document production regarding all communications with UNCC tennis team recruits from August 2017 to present. (Document No. 67-1, pp. 8-10) (citing Requests for Production Nos. 9 and 14). Plaintiff has subsequently narrowed this request to recruits Feldman solicited. (Document No. 67-1, p. 9).

The undersigned directs Defendants to provide communications with UNCC tennis team recruits that include scholarship offers or other discussions about scholarships during 2018. Defendants' responses may redact the names of the students and/or their families involved in those communications with Feldman.

**Date of Notice of Claim**

Next, Plaintiff complains that Feldman has objected to Requests for Production Nos. 6-13, and 18 "to the extent it requests documents or communications that post-date Plaintiff's (or his parents') assertion of a claim or statement of an intent to assert a claim on the basis of the work product doctrine and the privilege against disclosure of information prepared for or in anticipation of litigation." (Document No. 67-1, pp. 10-11) (citing Document No. 67-3).

The undersigned is not persuaded that all responsive documents that post-date the date a claim was asserted are *necessarily* protected by work product privilege. Defendant Feldman shall

supplement his responses to the extent he has responsive, non-privileged documents. To the extent Feldman continues to contend that there is some date beyond which he should not have to produce documents, he shall identify that date, and counsel for the parties shall engage in further attempts to resolve this dispute.

The undersigned finds that Request for Production No. 18 is overly broad and unduly burdensome to the extent it seeks documents related to the tennis team and/or UNCC, but not Plaintiff.

**Feldman's Resignation**

Plaintiff also seeks all drafts of Coach Feldman's letter of resignation, or a revised answer to Interrogatory No. 9 clarifying the "true" reasons for Feldmann's resignation. (Document No. 67-1, p. 12) (citing Document No. 67-3, p. 19).

The undersigned finds that Feldman should produce his resignation letter submitted to UNCC and supplement/clarify his reasons for resignation, if he can provide additional information. The undersigned will decline to require production of "all drafts" of the resignation letter.

**Documents Authored or Prepared by UNCC Employees**

Next, Plaintiff seeks a narrowed request for documents authored or prepared by UNCC employees. (Document No. 67-1, p. 13) (citing Document No. 67-2, p. 25).

The undersigned will decline to compel any specific production at this time related to this request. However, counsel for the parties are directed to further confer regarding the narrowed request. Defendants objections to the original request are reasonable and the undersigned is not entirely clear what documents Plaintiff now seeks.

7

**Notes Between Tennis Team Members and UNCC Employees**

Plaintiff presents another narrowed request, this time seeking notes of meetings between UNCC tennis players and employees, during Feldman's term of employment, related to the claims in this litigation. (Document No. 67-1, pp. 13-14) (citing Document No. 67-2, p. 27).

The undersigned finds that Defendant UNCC should supplement its response based on the new limitations proposed by Plaintiff.

**Student Athlete Complaints and Reports of Bullying**

Finally, Plaintiff seeks documents and information related to student athlete complaints of bullying. (Document No. 67-1, pp. 14-15) (citing Document No. 67-2, pp. 15-16, 45-47).

The undersigned finds that UNCC should supplement its responses with information and documents related to bullying and student athletes between 2016 and 2019. Defendant's responses should protect the identity of any students involved in such reported incidents.

**IT IS, THEREFORE, ORDERED** that "Plaintiff William Scott Cameron's Motion To Compel Discovery Responses" (Document No. 67) is **GRANTED**. Defendants shall supplement their discovery responses as directed herein, on or before **September 10, 2020.**

**SO ORDERED**.

Signed: August 18, 2020

David C. Keesler
United States Magistrate Judge